[Civ. No. 27814. First Dist., Div. Three. May 7, 1970.]

WILLIE BROWN, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
SOUTHERN RAILWAY, Real Party in Interest.

## COUNSEL

Grossman, Ackerman & Peters and Aubrey Grossman for Petitioner.

No appearance for Respondent.

Dunne, Phelps & Mills and Robert M. Dunne for Real Party in Interest.

## Opinion

**DRAPER, P. J.**—Under the two-year discretionary dismissal provision (Code Civ. Proc., § 583) this action was dismissed as to Southern Railway, the real party in interest and one of the defendants below, for lack of prosecution.

Although the complaint in the basic action is not before us, the parties agree that it was filed July 10, 1967, and named a number of Does as defendants. Plaintiff, petitioner here, was injured January 6, 1967, while unloading a box car. His action seeks damages from others than his employer on the theory that they improperly loaded the car or, as carriers, mishandled it en route. Southern Railway was served September 22, 1969, as a Doe, on the theory that it was one of the carriers who moved the car across country. It moved to dismiss on December 2, 1969, somewhat more than 28 months after the basic action was instituted. In 1968, interrogatories had been served upon two other defendants, and their answers, filed July 2d and August 12th, revealed Southern Railway as one of the carriers which had handled the car. Plaintiff's affidavits to the trial court allege, without contradiction, that he had no earlier knowledge of Southern's involvement, and that in September and October of 1968 his attorneys determined the California status of Southern Railway and prepared documents to effect service upon it through the Secretary of State.

Plaintiff concedes that nothing was done as to Southern from October 1968 to September 1969, but alleges that the inaction was due to the sudden departure from his attorney's office of the attorney who investigated the status of Southern and had prepared the papers for substituted service upon it. Plaintiff alleges that in September 1969, the file came to the attention of other counsel in the office, and that on September 19, 1969 they forwarded the necessary documents for service through the secretary of state.

Trial setting conference was pending when the motion to dismiss was made, and before granting of the motion the trial date had been fixed for June 29, 1970. Plaintiff alleges that no earlier trial date could have been had under prevailing calendar conditions, and Southern does not deny this.

■ We are well aware that denial after two years is discretionary with the trial court. But that discretion is not wholly unfettered. General policy favors trial upon the merits. It is only avoidable delay which may be penalized. Under circumstances indicating a reasonable excuse for delay, dismissal will be reversed (see, e.g., *Fay* v. *Mundy*, 246 Cal.App.2d 231 [54 Cal.Rptr. 591]; *Daley* v. *County of Butte*, 227 Cal.App.2d 380 [38 Cal.Rptr. 739]; *Jepsen* v. *Sherry*, 99 Cal.App.2d 119 [220 P.2d 819, 822].)

■ The showing required to justify delay becomes greater as the time passes two years and approaches five (*Membrila* v. *Vonett Sales Co.*, 250 Cal.App.2d 299, 300 [58 Cal.Rptr. 544]).

■ Here the two-year period was exceeded by less than five months when the motion to dismiss was made. Only 17 months passed from plaintiff's discovery of the interest of Southern until the latter's motion to dismiss. It is quite true that some 12 months of delay was chargeable to confusion in the offices of plaintiff's counsel. Even though "some of the delay was probably unnecessary, the excuse for the delay is not entirely unreasonable" (*Jepsen* v. *Sherry, supra*, 99 Cal.App.2d 119, 122). Even if the trial court deemed the excuse inadequate, the law is hesitant to punish a litigant for his counsel's inadequacy (see *Daley* v. *County of Butte, supra; Fay* v. *Mundy, supra*). Southern suggests that the delay could have been minimized by earlier investigation of the identity of the several carriers, but no particular period is attributed to this cause, and it seems a thin basis for dismissal.

The case is readily distinguishable from that principally relied upon by Southern (*Paul W. Speer, Inc.* v. *Superior Court*, 272 Cal.App.2d 32 [77 Cal.Rptr. 152] [hearing den.]). There counsel's excuse of ignorance of the capacity of defendant was belied by the complaint itself, signed by the same counsel. The other authorities cited by Southern are also distinguishable upon their facts.

■ The passage of two years after filing of the complaint "is not an arbitrary limit to be followed in all cases" (*Jepsen* v. *Sherry, supra*, 99 Cal. App.2d 119, 120). Yet there has been some tendency since a 1968 decision (*Black Bros. Co.* v. *Superior Court*, 265 Cal.App.2d 501 [71 Cal.Rptr. 344]) to overlook this factor. While neither *Black Bros.* nor the cases following it so held, an impression may have arisen that dismissal is the safer approach. ■ But those cases merely emphasize the long recognized burden upon a plaintiff to offer reasonable excuse for delay by showing that it was not fairly avoidable. Here such excuse was offered, and not adequately controverted.

We recognize that the trial court could well have felt that plaintiff's claim against Southern is difficult, if not unlikely, of proof. ■ But the merits are not before us, and this weakness "should not deprive one of the right to pursue a remedy of an assumed wrong" (*Scott* v. *McPheeters*, 33 Cal. App.2d 629, 638 [92 P.2d 678, 93 P.2d 562]).

Let peremptory writ of mandate issue, directing the trial court to vacate its order and judgment of dismissal as to Southern.

Brown (H. C.), J., and Caldecott, J., concurred.