486 P.2d 193

The CITY OF TUCSON, a municipal corporation, Appellant,

v.

Robert J. LANDRY et al., Appellees.

No. 2 CA-CIV 934.

Court of Appeals of Arizona, Division 2.

June 25, 1971.

Rehearing Denied July 14, 1971.

Review Granted Sept. 28, 1971.

82

Lewis C. Murphy, former Tucson City Atty., Herbert E. Williams, Tucson City Atty., by William E. Hildebrandt, Asst. City Atty., Tucson, for appellant.

Messing, Hirsh & Franklin, by Robert J. Hirsh, Tucson, for appellees.

KRUCKER, Chief Judge.

This appeal is from an order denying appellant-city's motion to dissolve a temporary injunction. The injunction prohibited enforcement of an ordinance of the City of Tucson which made it a misdemeanor for female entertainers and waitresses to perform or serve in certain eating or drinking clubs and establishments while "topless."

The single issue here is whether or not the injunction before us should have been dissolved. The appellant urges that A.R.S. Sec. 12–1802 prohibits such an injunction as against a public statute. The appellees urge that the injunction was proper in that the ordinance is unconstitutional. The ordinance in question is Tucson Code Sec. 11–25.1.

Appellant previously presented this court with a petition for special action, City of Tucson v. Landry, No. 2 CA-CIV 915, and the petition was denied on September 30, 1970. While it is true as a general rule that A.R.S. Sec. 12–1802 prohibits an injunction against enforcement of a public statute, we feel that where there is an allegation that the statute may be invalid or unconstitutional, an injunction against its enforcement may be proper. Board of Regents v. City of Tempe, 88 Ariz. 299, 356 P.2d 399 (1960); City of Glendale v. Betty, 45 Ariz. 327, 43 P.2d 206 (1935). The holding in these cases is to the effect that a temporary injunction may be invoked where there is an allegation that the statute in question may be unconstitutional. In the instant case there was such an allegation in the pleadings.

We believe that in this case, both the special action petition referred to above and the appeal were premature. The learned trial judge declined to dissolve the temporary injunction finding that the ordinance in question "may" be unconstitutional. We believe now, as we did at the time of the hearing on the special action, that appellate proceedings are premature

and that the trial court should have an opportunity to have a full hearing on the constitutionality of the ordinance with the presentation of evidence to the court and have the right to decide the constitutional question as it pertains to the ordinance, before an appeal from the trial court's ruling can be decided.

We believe that the appellant should present the matter fully to the trial court for a final decision and if the decision of the trial court is in any way thought to be illegal or erroneous, the case should then be appealed to this court where we will have before us the full record and the final decision of the trial court.

On the record before this court we cannot and do not now pass on the constitutionality of the ordinance.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.