[Civ. No. 47739. Second Dist., Div. Four. Sept. 27, 1976.]

CITY OF LOS ANGELES, Plaintiff and Appellant, v.
GLENEAGLE DEVELOPMENT COMPANY et al.,
Defendants and Respondents.

544

### COUNSEL

Burt Pines, City Attorney, Charles W. Sullivan and Thomas B. Bonaventura, Assistant City Attorneys, and John C. Hamilton, Deputy City Attorney, for Plaintiff and Appellant.

Kranitz, Sarrow, Imerman & Sacks, Bernard Sacks and Maurice H. Wallbert for Defendants and Respondents.

### OPINION

**KINGSLEY, Acting P. J.**—Appellant, the City of Los Angeles, has appealed from a dismissal of its action to recover $50,407 against a real estate developer, respondent Gleneagle Development Company (hereafter Gleneagle), and its surety, respondent Security Insurance Company of Hartford (hereafter Security) for breach of contract to construct

certain improvements which were conditions precedent to the city's approval of subdivision tract maps. The dismissals were ordered pursuant to section 583, subdivision (a) of the Code of Civil Procedure for want of diligent prosecution.[1]

## STATEMENT OF FACTS

On December 8, 1970, the city filed its complaint against Gleneagle and Security for breach of contract and on a faithful performance bond. The burden of the complaint was that, due to Gleneagle's failure to construct certain improvements, which improvements were conditions precedent to the city's approval of final tract maps, the city itself completed the required improvements, incurring costs of $50,407.

Six months later, on June 9, 1971, Security filed its answer denying most of the material allegations based on lack of information or belief. Concurrently, Security filed a cross-complaint against Gleneagle for indemnity.[2] Gleneagle filed its answer to Security's cross-complaint on September 21, 1971, and its answer to the original complaint on October 26, 1971.[3]

Security's first set of interrogatories was served upon the city on July 26, 1971, to which the city responded on August 27, 1971. Subsequently, on November 5, 1971, upon leave of court, Security filed an amendment to its answer, and the case was thus at-issue as to all parties on November 5, 1971.

The next development occurred on October 13, 1972, when the city served interrogatories on Gleneagle seeking the factual basis upon which the allegations of the complaint were denied. Gleneagle's response to the

[1]Section 583, subdivision (a) of the Code of Civil Procedure states:

"The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with rules adopted by the Judicial Council."

In January, 1970, the Judicial Council adopted rule 203.5 of the California Rules of Court to supplement the code section.

[2]Although references to that cross-complaint appear in the record before us, the cross-complaint, itself, is not included in the clerk's transcript. In light of our disposition of the case as to Security, the omission is immaterial.

[3]Gleneagle was not served with the complaint until September 27, 1971, due to an alleged difficulty in effectuating service of process. It is not shown that the delay was due to any fault or misconduct of Gleneagle.

interrogatories, January 26, 1973, consisted basically of assertions: (1) that, if there were a written contract, between the parties, the contract would be the best evidence of its terms;[4] (2) that it had no knowledge of what the city constructed or whether such construction was pursuant to said contract; (3) that it did not know whether the copy of the Los Angeles Municipal Code sections 62.110 and 62.111 attached to the complaint was a correct copy; and (4) that it knew of no evidentiary facts, persons, or writings which would support or tend to support its denials of the complaint allegations.

A little over a year later, on February 19, 1974, the city filed its at-issue memorandum[5] and Gleneagle responded by filing its own at-issue memorandum on February 21, 1974.

While the case was working its way up the civil active list and while the appellant was awaiting a notice of eligibility to file a certificate of readiness pursuant to rule 221 of the California Rules of Court, the city, on January 20, 1975, filed and served on respondent Security requests for admissions and interrogatories. The gist of the latter was to ascertain whether the surety had any facts within its knowledge that had not hitherto been revealed by the developer. Security's responses, filed March 7, 1975, disclosed that, as anticipated, it did not.[6] Thus it appears that all effective discovery was completed by the city through its previously propounded interrogatories on Gleneagle.

[4]It should be noted that plaintiff did not allege that there was a formal contract document in the strict sense, but rather that, pursuant to Los Angeles Municipal Ordinance No. 122,064 (attached to complaint), defendant had submitted to plaintiff for approval a tentative subdivision map; that the map was tentatively approved subject to certain conditions set forth in letters to defendant's attorneys, dated March 12, September 29, December 1, 1964, and April 6, 1965, copies of which were attached to the complaint along with copies of the faithful performance bonds, and that these documents, taken together, constituted the written contract.

[5]The record does not contain a copy of the city's at-issue memorandum, but since all parties agree that it was filed on the date stated, we regard this fact as stipulated.

[6]Security's basic response to the city's 60-page set of interrogatories and requests is typified by the following:
"Defendant SECURITY cannot truthfully admit or deny the matters set forth in the foregoing request. Defendant SECURITY is sued in this action by reason of the fact that, as surety, it executed and furnished on behalf of defendant, GLENEAGLE DEVELOPMENT CO. (hereafter 'GLENEAGLE'), as contractor, certain bonds in favor of plaintiff, as obligee, copies of which are attached to plaintiff's complaint on file herein marked Exhibits 'E,' 'H' and 'J.' Defendant SECURITY would not have and does not have any knowledge or information concerning the subject matter of the foregoing requests for admissions. *The facts with respect thereto are peculiarly within the knowledge of plaintiff's representatives and the representatives of defendant* GLENEAGLE." (Italics ours.)

At this point, the city, having become concerned that it had not yet received a notice of eligibility to file a certificate of readiness from the court, filed a motion on April 3, 1975, to set an early trial date. This motion occurred one year and one month after the at-issue memorandum had been filed, but well within the five-year mandatory dismissal period provided for by section 583, subdivision (b), of the Code of Civil Procedure. The hearing was set for April 21, and the respondents filed oppositions on April 15 and 16.

Immediately after the city's notice of motion for an early trial date, Security and Gleneagle, on April 9 and April 16, respectively, filed motions to dismiss under section 583, subdivision (a), and a hearing was set for May 30, 1975, in accordance with the 45-day notice requirement prescribed by rule 203.5.[7] Concurrently, Gleneagle began its first discovery endeavor by serving the city with requests for admissions and interrogatories. The city's response to the latter was filed May 21, 1975.

On April 21, 1975, appellant's motion for an early trial date was denied without prejudice on the ground that a notice of eligibility to file a certificate of readiness would be shortly forthcoming from the court. The first notice, in fact, was received only nine days later, on April 30.[8]

At this point, there is some confusion in the record regarding an agreement among the parties to a brief continuance (from May 30 to June 6) of the hearing on the motion to dismiss, as Mr. Hamilton, the deputy city attorney handling the case, was scheduled for vacation from May 23 through June 2. Mr. Hamilton states that, after having obtained informal agreement of defendants' attorneys not to oppose a motion for continuance, he prepared a memorandum directing Deputy City Attorney Magid[9] to appear on May 30 to request a continuance. Mr.

---

[7]The city failed to file an opposition due to an error on the part of its attorney, who was apparently unaware of the special time limits imposed by rule 203.5 (requiring an opposition to be filed within 10 days), and who assumed that, as with other motions, a response would not be required until two court days before the hearing.

[8]The city circulated to Security the original certificate of readiness form for execution on May 8. However, as a result of an inadvertent trial-time estimate of four hours rather than four days, Security's attorney returned the certificate to the city for adjustment. Thereafter, on May 21, the city sent Security a new form of the certificate, but there is no evidence in the record that any action was taken upon it. Subsequently, a final notice of eligibility was received from the court on May 30, 1975—the same date on which defendants' motions to dismiss were granted and from which this appeal is taken.

[9]Mr. Magid, a deputy city attorney who had been doing exclusively, criminal prosecution work, was scheduled to be transferred to the civil branch of the office on May 27, during Mr. Hamilton's absence.

Magid also telephoned defense counsel, and his letters of confirmation of the agreement not to oppose the city's motion for continuance appear in the record. However, defendants' attorneys declared that, although they indeed did agree not to oppose the continuance, that they also warned plaintiff that, pursuant to rule 12 of the superior court, it would be necessary for the city to obtain the court's consent, and that if the continuance were denied, defendants intended to argue the motion to dismiss.

Thereafter, at the hearing on May 30, the city's motion for continuance was denied and the motions to dismiss were granted as to both defendants. There was no court reporter, and the trial judge made no comment in the minute order from which this court can determine the extent or nature of the argument upon which his decision was grounded.[10]

On June 23, 1975, pursuant to section 473 of the Code of Civil Procedure, the city filed a motion requesting the court to: (1) reconsider the defendants' motions to dismiss under section 583, subdivision (a); and (2) upon reconsideration, to deny the defendants' motions. The basis of the city's motion to reconsider under section 473 was that, due to mistake, excusable neglect, and inexperience of its counsel, the plaintiff had failed actively to contest the motions to dismiss; and that, upon rehearing, the trial judge should consider, inter alia: (1) the fact that, in the period prior to the city's filing of its at-issue memorandum, the city attorney's office responsible for the instant action was seriously understaffed[11] and was faced with numerous, extensive contract-surety bond cases requiring constant attention; (2) that the city had not been deficient in seeking discovery; (3) that the court calendar was congested; and (4) that defendant Gleneagle did not move to dismiss until 13 months after having filed its own at-issue memorandum—and then only after the city had moved for an early trial date. Defendants filed written oppositions. On July 9, 1975, the court denied the motion to reconsider, using the following language:

"Motion to reconsider denied. This complaint was filed December 8, 1970.

---

[10]It is not contended that the agreement was violated, but rather the gist of plaintiff's argument was that the city had not anticipated the denial of the continuance and was therefore not prepared for a full hearing on the merits of the motions to dismiss.

[11]The office apparently consisted of one supervisory attorney, one full-time attorney, and one part-time attorney. The part-time attorney was reassigned in May 1972, and the supervisory attorney retired the following November.

"There is an inadequate showing upon which to predicate granting a reconsideration of the prior order. There was no activity in this case from October 13, 1972 to January 20, 1975. Motion for early trial was denied. At-Issue-Memorandum not filed until February, 1974."

The city filed its notice of appeal from the order of dismissal on August 1, 1975.

I

At the outset we note that, although this is a direct appeal from an order dismissing the action on June 2, the city relies on arguments presented in its motion for reconsideration on July 9. Thus, we are met initially with the question of whether it is proper for this court to consider arguments made subsequent to the dismissal order. We hold that under the circumstances of this case, it is.

An order of dismissal for want of prosecution is directly appealable. But an ejected plaintiff may also seek redress through a motion to vacate pursuant to section 473 of the Code of Civil Procedure where, through mistake, surprise, inadvertence, or excusable neglect, he has failed to make the showing he could have made at the hearing on the motion. (*Key System Transit Lines* v. *Superior Court* (1950) 36 Cal.2d 184, 195 [222 P.2d 867]; *Stephens* v. *Baker & Baker Roofing Co.* (1955) 130 Cal.App.2d 765, 771 [280 P.2d 39].) As a general rule, however, the denial of a motion to vacate is not appealable unless direct appeal from the dismissal order would be relatively ineffectual. (*Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380, 388-389 [38 Cal.Rptr. 693].) An appeal from a dismissal order would be ineffectual where the plaintiff has failed to present an opposition, where hitherto unknown facts have come to light, or due to other unforeseen circumstances the record arising out of the dismissal hearing is deficient in presenting an inadequate factual record for appeal purposes. In such a situation, where subsequent information has been brought forth during the motion to vacate, the denial of that motion is appealable.

In the instant case, plaintiff does not appeal from a motion to vacate, but from the order of dismissal. (In fact, we note that plaintiff did not move to vacate, but moved the court to reconsider.) While there is no

statutory authority for a "bare" motion to reconsider[12] (*Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701, 705-706 [102 Cal.Rptr. 190]), the motion to reconsider has been recognized by the courts in the limited circumstances where it is in the nature of a motion seeking relief under section 473 of the Code of Civil Procedure. (*Dunas* v. *Superior Court* (1970) 9 Cal.App.3d 236, 239-240 [87 Cal.Rptr. 719].) ▮ Since plaintiff did pursue section 473 relief on the grounds of mistake for failure properly to oppose defendants' dismissal motions, we shall treat that motion in the same manner as we treat a motion to vacate for purposes of appeal. Therefore, it would appear logical to us that, if plaintiff could have properly appealed from the denial of a motion to vacate, as he could in this case since new matters were injected that were not heretofore contained in the dismissal record, it would not be improper for us to consider matters in the record of the hearing that are not revealed in the dismissal hearing record. This is especially true where it appears from the face of the record that the trial judge, though denying the motion to reconsider, did in fact reconsider the factual circumstances.

## II

Plaintiff's major contention on appeal is that the trial court abused its discretion in dismissing the case for want of prosecution pursuant to the discretionary dismissal provision of subdivision (a) of section 583 of the Code of Civil Procedure, because it did not fully take into consideration the various factors delineated in rule 203.5, subdivision (e), which states:

"In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other

---

[12]A "bare" motion to reconsider might be defined as one wherein the party against whom the original motion was decided merely asks the court to review its previous ruling, without presenting any new substantive grounds therefor.

delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case or by imposing conditions on its dismissal or trial; and any other fact or circumstance relevant to a fair determination of the issue."

In particular, plaintiff urges that the trial court violated the rule in the following manner:

(1) By failing to consider whether the interests of justice were best served by dismissal;

(2) By failing to consider the condition of the court's calendar;

(3) By failing to take note of the city's efforts in pursuing discovery; and

(4) By failing to consider defendants' actions in the case.

We note at the outset that the only evidence in the record of the thinking of the trial judge is reflected by the statement quoted, made when denying plaintiff's motion for reconsideration. There, the trial court emphasized the date the case was filed, the date of the at-issue memorandum, and the lack of activity from October 1972 to January 1975.

The thrust of defendants' counterargument is that orders of the trial court are presumed correct, and that all intendments and presumptions are to be indulged to support the order on matters as to which the record is silent; that the interests of justice were best served by dismissal of the case; and that plaintiff's excuses for delay were inadequate.

We turn first to a short history of the code section, the rule, and their application.

Rule 203.5 of the California Rules of Court became effective on January 1, 1970, and set forth the facts which *must* be considered when a motion to dismiss is presented to the court seeking its discretionary dismissal authority under section 583, subdivision (a). The California Supreme Court, in the leading case of *Denham* v. *Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193] in interpreting the code section and

rule, discredited a line of appellate decisions which previously had limited the discretion of the trial judge by requiring dismissal unless plaintiff sustained the burden of showing reasonable excuse for delay. In that case, plaintiff filed an at-issue memorandum and certificate of readiness approximately three years and five months after filing the complaint; a pretrial conference was held about fifteen months thereafter, with trial being set for a date two months hence; and defendant's subsequent motion to dismiss was denied. Defendant then sought a writ of mandate to compel dismissal. The Supreme Court, on page 563, stated:

"Under section 583, subdivision (a), of the Code of Civil Procedure, the trial court, in its discretion, may dismiss an action for want of prosecution if it is not brought to trial within two years after it was filed. The statute places no restrictions on the exercise of the trial court's discretion, and in particular there is no requirement that the motion to dismiss 'must' be granted unless opposed by an adequate showing of diligence or excuse for delay. (Language to the contrary in *Breckenridge* v. *Mason*, 256 Cal.App.2d 121, 127 [4] [64 Cal.Rptr. 201]; *Black Bros. Co.* v. *Superior Court*, 265 Cal.App.2d 501, 507 [6b] [71 Cal.Rptr. 344]; *City of Los Angeles* v. *Superior Court*, 271 Cal.App.2d 292, 298 [76 Cal.Rptr. 256]; *Market-Front Co.* v. *Superior Court*, 271 Cal.App.2d 505, 506 [1a]-507 [1b] [76 Cal.Rptr. 526]; *Paul W. Speer, Inc.* v. *Superior Court*, 272 Cal.App.2d 32, 36, 37 [5] [77 Cal.Rptr. 152]; and *Carnation Co.* v. *Superior Court*, 1 Cal.App.3d 891, 895 [2] [82 Cal.Rptr. 98], is disapproved.)"

The Supreme Court went on to explain that the discretion of the trial court would be disturbed only for clear abuse and that " '. . . "It is only when there is an entire absence of any showing constituting good cause presented in the Superior Court upon the hearing of the motion to dismiss that a writ of mandate to compel the dismissal of the action may properly issue." ' " The court noted that, although plaintiff's affidavit had not set forth any facts showing an excuse for delay and although the proceedings below were not recorded, the order of the lower court was presumed correct on matters as to which the record was silent. The court emphasized that the trial judge's discretion would not be disturbed unless it appeared that there was a miscarriage of justice, with the burden on the complaining party to so establish. However, it is apparent that these comments were made with specific reference to the *Denham* fact situation, wherein the trial court had *denied* defendant's motion to

dismiss, as opposed to the instant case wherein the motion was granted, for the court goes on to say, on page 566:

"In the present case, the result of respondent court's denying the motion to dismiss will be to have a trial on the merits of an action which both parties announced they were ready to try. Although a defendant is entitled to the weight of the policy underlying the dismissal statute, which seeks to prevent unreasonable delays in litigation, the policy is less powerful than that which seeks to dispose of litigation on the merits rather than on procedural grounds."

In the companion case of *Martindale* v. *Superior Court* (1970) 2 Cal.3d 568, 574 [86 Cal.Rptr. 71, 468 P.2d 199], the Supreme Court affirmed the trial court's denial of the motion to dismiss, again pointing out that the result would be a trial on the merits.

The Supreme Court spoke again on the matter in *Woolfson* v. *Personal Travel Service, Inc.* (1971) 3 Cal.3d 909, 913 [92 Cal.Rptr. 286, 479 P.2d 646]. There the trial judge, relying on the discredited cases cited in *Denham*, granted defendant's motion to dismiss. The Supreme Court reversed, citing *Denham* to the effect that dismissal is mandatory only when there is an entire absence of any showing constituting good cause, and reiterating that the policy underlying the dismissal statute is less powerful than that which seeks to dispose of litigation on the merits.

The excuses for delay asserted in the *Denham* case were that, over the course of the action, plaintiff's law firm had dissolved, leaving three attorneys, one 72 years of age, to handle the remaining cases; and that, shortly thereafter, the two younger attorneys had received appointments to the bench, passing the burden of the practice, which was substantial, onto the older attorney. In *Woolfson*, plaintiff's attorney contended that the three-year delay in filing the at-issue memorandum was due to the fact that he was a sole practitioner who had been tied up in two trials and who was unable to consult with his client, the latter having been in England. The acceptance of, or sympathy toward, these excuses by the Supreme Court indicates a trend toward more leniency than was apparent in older cases where neither the sickness or death of the attorney (*Barry* v. *Learner* (1931) 113 Cal.App. 651, 655-656 [299 P. 82]), nor the press of business, or a heavy trial schedule (*Knight* v. *Pacific Gas & Elec. Co.* (1960) 178 Cal.App.2d 923, 928-930 [3 Cal.Rptr. 600]; *Price* v. *Grayson* (1969) 276 Cal.App.2d 50, 54 [80 Cal.Rptr. 602]) were considered an adequate excuse for delay.

The purpose of section 583 of the Code of Civil Procedure has been stated often. In *Dunsmuir Masonic Temple* v. *Superior Court* (1970) 12 Cal.App.3d 17, 22 [90 Cal.Rptr. 405], this court said:

". . . The purpose of the Code of Civil Procedure section 583 is dual: one is effectually the same as that of the statutes of limitation—they are both statutes of repose, seeking to discourage stale claims 'to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' [Citations.] Secondly, the dismissal section is designed to compel reasonable diligence in the prosecution of actions, thereby expediting the administration of justice. [Citations.]"

In *Rathbun* v. *Superior Court* (1970) 8 Cal.App.3d 690 [87 Cal.Rptr. 568], where the court noted that the purpose of compelling reasonable diligence in prosecution affords the defendant the opportunity to properly present any defense that it may have had at the commencement of the action.

A number of older cases, in addition to improperly placing the burden on plaintiff to show reasonable excuse for delay between the two-year and five-year periods, also indicate that defendant has no burden to show that he has a meritorious defense or that he has been prejudiced by the delay—and, in fact, that any prejudice will be presumed. (See *Rodde* v. *Trousdale Constr. Co.* (1969) 276 Cal.App.2d 419, 423, 424 [80 Cal.Rptr. 774]; *Market-Front Co.* v. *Superior Court* (1969) 271 Cal.App.2d 505, 507 [76 Cal.Rptr. 526]; *Black Bros. Co.* v. *Superior Court* (1968) 265 Cal.App.2d 501 [71 Cal.Rptr. 44].) ▮ However, these cases predate the passage of rule 203.5, have questionable validity in view of the *Denham* case, and ignore the court's comments in even older cases. For example, in *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380, 390-391 [38 Cal.Rptr. 693], when discussing the court's discretionary powers on a motion to vacate a prior default judgment under section 473, it stated:

". . . The discretion is to be exercised in a manner to aid, not to impede or defeat the ends of substantial justice. Each case must be decided on its individual facts and features. The plaintiff must exercise diligence to expedite his case; no such duty is cast upon the defendant. The defendant need not show prejudice in support of the motion to dismiss; rather, prejudice from unreasonable delay is presumed. . . ."

However, on page 395, the *Daley* court noted that the judge could consider what prejudice or injustice the defendant might suffer as the result of its order, and then commented: ". . . the county did not urge that delay beyond the two-year period made defense on the merits any more difficult. It told no tale of dead or unavailable witnesses. Its freedom of action and credit were not impaired by long-pending litigation. Its sole disadvantage lay in the justifiably bruised patience of its counsel and the unjustified expense of fruitless court appearances. . . ." The court then went on to say, on pages 395-396, that section 473 of the Code of Civil Procedure authorized the trial judge to do substantial justice by imposing reasonable counsel fees upon the party causing the delay as a condition for granting relief, and thereby removing the only tangible prejudice suffered by the opponent.

We note that rule 203.5 also contains such a provision in subdivision (f); its applicability was first discussed in *Hansen* v. *Snap-Tite, Inc.* (1972) 23 Cal.App.3d 208 [100 Cal.Rptr. 51], which held that the imposition of reasonable costs on plaintiff was a fair alternative to the harsh remedy of dismissal. In *Berri* v. *Rogero* (1914) 168 Cal. 736, 740 [145 P. 95], the court stated that, where a party ". . . makes no showing that he has suffered any prejudice or that injustice will result from the trial of the case upon its merits, very slight evidence will be required to justify a court in setting aside the default." In *Contract Engineers, Inc.* v. *Welborn* (1968) 258 Cal.App.2d 553, 556 [65 Cal.Rptr. 903], the trial judge indicated, "[W]hile plaintiff has heretofore been making haste all too slowly, the record shows that its attorney now recognizes the need to proceed with all deliberate speed. The moving defendants have not shown that they have been unduly prejudiced by plaintiff's failure to bring the action to trial."[13]

We now turn to the application of the law to the facts of the instant case. To counter plaintiff's contention that the dismissal defeated the ends of substantial justice, defendants rely heavily on that portion of *Dunsmuir Masonic Temple* v. *Superior Court, supra,* 12 Cal.App.3d at page 22, which says:

"The proposition that justice is generally better served when cases are heard on their merits is tritely true. But there are also instances when

[13]See also *Nilsson* v. *City of Los Angeles* (1967) 249 Cal.App.2d 976, 980 [58 Cal.Rptr. 20]; *Griffin* v. *Bray* (1968) 262 Cal.App.2d 357, 360, 361 [68 Cal.Rptr. 649]; and *Pearson* v. *Continental Airlines* (1970) 11 Cal.App.3d 613, 619 [89 Cal.Rptr. 853].

justice will be better served by dismissal, and this is such a situation. The action has remained in a status of unexplained stagnancy for more than three years. Dismissal will result in the removal of a case from an overcrowded list of pending cases. If it has no merit dismissal will do no harm and will serve as a warning that the processes of the law must not be abused by allowing courts to become warehouses for frivolous lawsuits. If, on the contrary, the action is meritorious, plaintiff will still be left with an appropriate remedy against her attorney. [Citation.]"

However, *Dunsmuir* is clearly distinguishable from the case at bar. In *Dunsmuir,* the plaintiff asserted as excuse for her delay that she was bedridden for a substantial period of time. The court pointed out, however, that the illness of the client does not excuse the dilatory conduct of her attorney. In addition, the unexplained stagnancy referred to a failure to serve the summons for over three years. And, lastly, the court pointed out that an alternative remedy is available to the client, which is not the situation here. In the instant action, there is nothing in the record to indicate that plaintiff's action is frivolous or lacks merit. Quite to the contrary. Unlike *Dunsmuir,* negligence on the part of the attorneys representing the city does not leave their client—the city or the ultimate beneficiaries—the citizens and taxpayers thereof—with a like remedy.

■ Defendants also contend that, since plaintiff failed to oppose the motions to dismiss, the court was justified in construing the motions as meritorious. However, the trial court, on the motion to reconsider, did redetermine the original motion on its merits.

The remaining arguments center around the applicability and interpretation of the provisions of rule 203.5 and various presumptions to the facts of the principal case. ■ We begin by again quoting from the Supreme Court decision in *Denham* v. *Superior Court, supra,* 2 Cal.3d at page 566, with regard to the standard of review to be exercised by this court: ". . . a reviewing court should not disturb the exercise of a trial court's discretion *unless it appears that there has been a miscarriage of justice.* Thus, in *Loomis* v. *Loomis* [citation], it was said: 'It is fairly deducible from the cases that one of the essential attributes of abuse of discretion is that it must clearly appear to effect injustice. [Citations.] Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, *all of the circumstances before it being considered.* The burden is on the party complaining to establish an abuse of discretion,

and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' " (Italics ours.)

As previously mentioned, however, the *Denham* fact situation was one in which the trial court *denied* the motion to dismiss, and the Supreme Court subsequently pointed out that the denial was in accordance with the law's policy favoring trial on the merits.[14] ■ But, as was stated in *Daley* v. *County of Butte, supra,* 227 Cal.App.2d at page 389:

"An order denying relief runs counter to the law's policy encouraging trial and disposition on the merits. *It is subject to closer appellate scrutiny than one granting relief,* and doubts will be resolved in favor of the party attempting to get to trial. . . ."[15] (Italics ours.)

Although discretion is vested in the trial judge, that discretion is not unfettered. It cannot be exercised arbitrarily, but must be an impartial discretion to be exercised in conformity with the spirit of the law and in a manner to subserve the ends of substantial justice. (*Paul W. Speer, Inc.* v. *Superior Court* (1969) 272 Cal.App.2d 32 [77 Cal.Rptr. 152].) And, under circumstances indicating a reasonable excuse for delay, dismissal will be reversed. (*Brown* v. *Superior Court* (1970) 7 Cal.App.3d 366, 368 [86 Cal.Rptr. 670].) ■ " '. . . the power to dismiss should be used "in view of the facts of the entire situation," taking into account any unusual circumstances, and acting to promote substantial justice. . . .' " (*Elliano* v. *Assurance Co. of America* (1975) 45 Cal.App.3d 170, 176 [119 Cal.Rptr. 653].) Dismissal is only mandated when there is an entire absence of any showing of good cause for delay. (*Applegate Drayage Co.* v. *Municipal Court* (1972) 23 Cal.App.3d 628 [100 Cal.Rptr. 400], quoting from *Denham* v. *Superior Court, supra,* 2 Cal.3d 557, and *Woolfson* v. *Personal Travel Service, Inc., supra,* 3 Cal.3d 909.) Although plaintiff has no burden to show good cause for delay, plaintiff still has an obligation to make some showing upon which the court can exercise its discretion. The difference is between an *adequate* showing and any showing. (*Dunsmuir Masonic Temple* v. *Superior Court, supra,* 12 Cal.App.3d at p. 21.) ■ Defendants in the instant case contend that the dismissal by the trial court should be affirmed since plaintiff has not borne its burden

[14]See also *Rathbun* v. *Superior Court* (1970) 8 Cal.App.3d 690 [87 Cal.Rptr. 568].

[15]See also *Stephens* v. *Baker & Baker Roofing Co.* (1955) 130 Cal.App.2d 765, 773 [280 P.2d 39], and *O'Brien* v. *Leach* (1903) 139 Cal. 220 [72 P. 1004].

of proving abuse of discretion, since the city has presented no excuse for delay, and because the order of the trial court must be presumed correct. We disagree. In reviewing the facts of this case, it appears that the case was at issue as to all parties in November of 1971; and that plaintiff did not file its at-issue memorandum until February 1974. However, in the interim, the city did serve some interrogatories on the developer in October 1972, which were not answered until January 1973. There was then a period of a little more than a year before the city filed its at-issue memorandum. Plaintiff offers as excuse the fact that the office handling the case was seriously understaffed, that the case had been handled by a number of different attorneys, and that that office was operating under the burden of a heavy and demanding caseload. This meets the criterion of *Dunsmuir*, requiring plaintiff to make some showing for his delay; and it is no poorer or better an excuse than offered by plaintiffs in the *Denham* case. The record does not show an entire absence of any good cause for delay.[16]

While we, too, are somewhat concerned that plaintiff has made "haste all too slowly" (*Contract Engineers, Inc.* v. *Welborn, supra*) in filing its at-issue memorandum, there are several countervailing factors which should be taken into account. One is the fact that defendants have not alleged that they have been unduly prejudiced by plaintiff's delay. Instead, they rely on the oft-quoted "presumption of prejudice." In fact, defendant Gleneagle immediately filed its own at-issue memorandum, albeit to correct a trial-time estimate in aid of placing the case on the civil active list. Thus, in February 1974, defendants made no protest of prejudice, no claim of surprise, of lost witnesses, or of dimming memories, and no objection of any kind to moving the case forward. Nor did defendant claim the action is unmeritorious. While it is true that the defendant has no duty to bring the case to trial, but only to meet plaintiff one step at a time, it would appear to us that, had defendant Gleneagle experienced prejudice from the delay, it would have been more logical to protest at that time, or within a period shortly thereafter. Instead, defendants did not bring their motions to dismiss until nearly one year and two months thereafter, and then only after plaintiff had moved for an early trial date. It is doubtful that, had defendant Gleneagle moved to dismiss two or three months after announcing, in effect, its willingness to

[16]See also, *Vartanian* v. *Croll* (1953) 117 Cal.App.2d 639, 645 [256 P.2d 1022]), attorney negligence sometimes justifies granting relief; *Stub* v. *Harrison* (1939) 35 Cal.App.2d 685 [96 P.2d 979], relieving attorney from his failure to file an answer due to forgetfulness because of accumulated work after an accident to his son.

push the case forward, such motion would have been granted. Why it should be granted more than a year later is questionable, especially in the absence of any claim of prejudice. Moreover, rule 203.5 imposes a 45-day notice period as a prerequisite for a motion to dismiss. ▉ The purpose for the lengthy notice period is to allow the plaintiff to act to move the case to trial. (*Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701 [102 Cal.Rptr. 190]; *Stephan* v. *American Home Builders* (1971) 21 Cal.App.3d 402 [98 Cal.Rptr. 354].) Here, plaintiffs had already attempted to move the case to trial at the time defendants filed their motions to dismiss. We agree with the court's statement in *Elliano* v. *Assurance Co. of America, supra,* 45 Cal.App.3d 170, 175-176 [119 Cal.Rptr. 653], that "there are prejudices on both sides." The court there said it was bothered by the delay in filing the at-issue memorandum, but that it preferred to try the case on the merits rather than rely on a technicality and dismiss the suit. Here, defendants rely solely on the presumption of prejudice. ▉ With the passage of rule 203.5, imposing on the trial judge the duty to examine specifically enumerated factors, including the delay attributable to *either party,* the interests of justice, and other facts or circumstances relevant to a fair determination of the issue, this "presumption of prejudice" retains questionable validity. It is harsh to cut off a plaintiff's remedy to an apparently meritorious cause of action based merely on a presumption of prejudice to defendants, without more. The penalty of dismissal against a dilatory plaintiff should be exercised with the utmost care; and where it appears that the plaintiff has a good cause of action, that plaintiff has made some showing of excuse for delay; and where defendant does not claim actual prejudice and has waited until the last possible moment to file a motion to dismiss, the ends of substantial justice are best met by a preference for the policy of favoring trials on the merits as contrasted with that policy which favors presumptions of prejudice. The reason is that, in the absence of prejudice to defendants, attributable to unreasonable delays by plaintiff, the probability of a miscarriage of justice is greater when a trial on the merits is denied than it is where plaintiff is permitted to proceed.

The trial judge has the alternative, even where some prejudice to defendants is found, of imposing on plaintiff conditions to the denial of the motion to dismiss. See *Hansen* v. *Snap-Tite, Inc., supra,* 23 Cal.App.3d 208, where, as a condition precedent for denying defendant's motion to dismiss, the judge ordered plaintiff to pay 1 percent of the value of the suit to defendants as compensation for the additional work

required due to plaintiff's delay. Such an assessment, if imposed, should, of course, be fair and reasonable in accordance with the actual damage to defendants, and should not be in the nature of a penalty or liquidated damages.

 Lastly, we point out the fact that plaintiff's motion for an early trial date was denied without prejudice, on the grounds that a notice of eligibility to file a certificate of readiness would be shortly forthcoming from the court, is indicative of the crowded state of the court's calendar. The at-issue memorandum was filed 22 months before the expiration of the mandatory 5-year dismissal period; the motion for an early trial was made within 8 months of that date. None of the above factors are given cognizance in the trial court's brief minute order, hereinbefore quoted.

 In short, we conclude that the conduct of Gleneagle, in filing its own at-issue memorandum, thus indicating that it was ready to proceed with the case, estopped it from thereafter relying on the previous delay. The record shows that plaintiff thereafter properly relied on the processes of the trial court to assign a trial date and that, after it became apparent that the trial court was delaying its action, proceeded, by its motion for an early trial, to bring the case to a conclusion.

Security, however, stands in a different position. It did not file an at-issue memorandum, as did Gleneagle. Security took no affirmative action to indicate its willingness to go to trial;[17] instead, it did what it is entitled to do; namely, wait out the plaintiff's procedures to bring the case to trial. Unlike the case of Gleneagle, we cannot say that the order of dismissal as to Security was an abuse of the trial court's discretion.

The order appealed from is affirmed as to defendant Security; it is reversed as to defendant Gleneagle.

Dunn, J., concurred.

**JEFFERSON (Bernard), J.**—I both concur and dissent.

I agree with the majority's result in reversing the trial court's order of dismissal of the action with respect to the defendant Gleneagle Develop-

---

[17]Security's action, in May of 1975, in seeking to correct the memorandum then served on it is not equivalent to the earlier action of Gleneagle. In May 1975, the motions to set and to dismiss were on file; Security could legitimately, at that stage, act protectively to preserve its rights in case its motion to dismiss was denied.

ment Co. on the simple ground that the record establishes, without question, that the order of dismissal, made pursuant to Code of Civil Procedure section 583, subdivision (a), constitutes an abuse of discretion and a miscarriage of justice. I fully realize that it is stated in *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 486 P.2d 193] that "[t]he exercise of the trial court's discretion will be disturbed only for clear abuse . . ." and that *Martindale* v. *Superior Court* (1970) 2 Cal.3d 568, 574 [86 Cal.Rptr. 71, 468 P.2d 199], states "that the trial court's discretion will not be disturbed unless it appears that there has been a miscarriage of justice."

In my opinion, however, the record below demonstrates just as forcefully that the trial court's order of dismissal constituted an abuse of discretion and a miscarriage of justice with respect to the plaintiff's rights against defendant Security Insurance Company of Hartford. I see no basis in the record for the distinction which the majority makes between the two defendants. I consider that plaintiff, as against defendant Security, is entitled to the benefit of the policy set forth in *Denham* that "[a]lthough a defendant is entitled to the weight of the policy underlying the dismissal statute, which seeks to prevent unreasonable delays in litigation, the policy is less powerful than that which seeks to dispose of litigation on the merits rather than on procedural grounds. [Citation.]" (*Denham, supra,* 2 Cal.3d 557, at p. 566.)

Therefore, I would reverse the trial court's order of dismissal with respect to both defendants.

A petition for a rehearing was denied October 14, 1976, and appellant's petition for a hearing by the Supreme Court was denied November 24, 1976.