Filed 11/4/20  Alexander v. Danco CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| STEVE ALEXANDER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DANCO INC., et al.,<br><br>    Defendants and Respondents. | B296256<br><br>(Los Angeles County<br>Super. Ct. No.  BC609321) |

APPEAL from orders of the Superior Court of Los Angeles County, Joanne B. O'Donnell, Judge.  Affirmed.

Samuel Ogbogu, Inc. and Samuel O. Ogbogu for Plaintiff and Appellant.

No appearance by Defendants and Respondents.

Steve Alexander appeals from the order dismissing this action and the order denying his subsequent motion to vacate the dismissal made pursuant to Code of Civil Procedure section 473, subdivision (b).[1]  He contends the trial court erred prejudicially in failing to explain the rationale for its ruling dismissing the action as a sanction for his behavior and, in any event, abused its discretion in dismissing the action as a sanction for his failure to appear at one status conference hearing while he was self-represented.  He also contends the trial court did not understand the requirements for relief under section 473 and abused its discretion in denying relief under that section.  We see no abuse of discretion in the denial of the section 473 motion, and to the extent we separately review the order, we affirm it.  The record is not adequate to permit appellate review of the order dismissing the action and so the dismissal order is affirmed on that basis.

## BACKGROUND

In February 2016, Alexander filed a complaint asserting 12 causes of action arising from an alleged 2015 wrongful foreclosure of residential property in Los Angeles.  On May 24, 2016, he filed a first amended complaint.  On September 14, 2016, defendants filed a demurrer, with a hearing date of April 4, 2017.  The demurrer was largely overruled.  Defendants filed their answer on May 15, 2017.

On August 25, 2017, the court held a case management conference and issued a case management order and minute order which set the case for a three- to five-day bench trial on

---

[1]     Further undesignated statutory references are to the Code of Civil Procedure.

2

April 16, 2018.  A final status conference was set for April 6, 2018.  The court also referred the matter to mediation, and scheduled a post-mediation status conference for January 11, 2018.

On August 30, 2017, Alexander's attorneys filed a motion to be relieved as counsel.  The form motion and accompanying form order both contain a prominent box entitled "NOTICE TO CLIENT WHO WILL BE UNREPRESENTED."  This notice states: "If this motion to be relieved as counsel is granted, you will not have an attorney representing you.  You may wish to seek legal assistance.  If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself.  It will be your responsibility to comply with all court rules and applicable laws.  *If you fail to do so, or fail to appear at hearings, action may be taken against you.  You may lose your case.*"  (Italics added.)

On October 10, 2017, the trial court granted counsel's motion to be relieved.  The order expressly stated: "The next scheduled hearing in this action is a post-mediation status conference set for 1/11/2018.  Trial is not scheduled to commence until 4/16/2018."  The trial court added: "The next hearing is set in January 2018, three months away.  Trial is six months away.  Plaintiff has ample time to retain new counsel, and can represent himself in propria persona."

The minute order for the post-mediation status conference on January 11, 2018 shows no appearance by Alexander or any counsel acting on his behalf.  The order states: "Conference is held.  Counsel informs the Court that mediation did not take place and plaintiff is now self-represented.  [¶]  No further notice is necessary."

3

At some point before April 5, 2018, Alexander again retained his former attorneys. On April 5, 2018 counsel filed a substitution of attorney form, and on April 6, 2018 they appeared on behalf of Alexander at the final status conference. The attorneys filed an exhibit list, witness list, and trial brief. Alexander later filed a declaration stating that he came to the courthouse with them, but was told to wait outside. The court's minute order for the conference states: "The Court sets an Order to Show Cause re sanctions (payable to the Court), including dismissal, against Plaintiff on May 7, 2018 at 8:30 a.m. in this department. The Court requests counsel have plaintiff present at the Order to Show Cause." The final status conference and the trial were continued to December 2018.

On April 9, 2018, Alexander and his attorneys filed a substitution of attorney form showing that Alexander was now representing himself.

On May 4, 2018, Alexander's former attorney Stuart Simone filed a declaration "Re: Order To Show Cause Re: Sanctions Including Dismissal Against Plaintiff." In the declaration, Mr. Simone explained that "Mr. Alexander is a truck driver by profession and was not in town very often. In fact he was rarely in the state, and was often 'on the road' in various Eastern states. Communication issues, among other things, forced my firm to file the motion to be relieved as counsel." He further declared that after the court granted the motion, the firm "immediately notified Mr. Alexander of the ruling, notified him of case status and all upcoming hearings, and no longer monitored the case docket or calendar." He added: "Apparently, while Mr. Alexander was representing himself, he missed at least one hearing in this Court."

4

Mr. Simone also provided details about more recent past events. He stated that his firm had agreed to represent Alexander for trial. On April 6, 2018, the firm had filed an exhibit list, witness list and trial brief" and Mr. Simone "proceed[ed] to Department 74 for what [he] believed—and the online Court Docket stated—was the Final Status Conference." Mr. Simone stated: "Unfortunately, I had no knowledge that Mr. Alexander had missed at least one hearing and that the court had set an OSC re dismissal for that date." Mr. Simone attached a copy of the online docket, which stated only "Completed" for the January 22, 2018 date. Mr. Simone continued: "When I appeared at what I believed was *only* a Final Status Conference, I had no idea that Defendants' counsel was not prepared for trial. I was not making any attempt to 'sandbag' Defendants[] or their counsel, I simply did not have all the information regarding the status of the case."

Mr. Simone explained that after the April 6, 2018 conference he met with Alexander and "advised Mr. Alexander of the Court's and Defendants' counsel's concerns, informed him of the order to show cause hearing set for May 7, 2018, and informed him that the trial was continued. [¶] . . .I further advised him that given the events that had transpired while [my firm] did not represent him, it would be best if he found new counsel to represent him for the duration of the case if he wished to continue to pursue it."

By the time of the May 7, 2018 OSC hearing, Alexander was represented by new counsel. There is no reporter's transcript of the hearing and no settled statement. The minute order for the hearing states: "Order to Show Cause is held. The Court hears from plaintiff and plaintiff's new counsel. [¶]

5

Having heard from all parties, the Court orders the case dismissed without prejudice."

Alexander filed a timely motion to vacate the dismissal pursuant to section 473, subdivision (b). The motion was denied. This appeal followed.

## DISCUSSION

Alexander appeals from the denial of his motion to vacate the dismissal, and also the dismissal order itself. He contends the denial of the motion to vacate the dismissal is appealable; the trial court abused its discretion in denying that motion; and the trial court abused its discretion in the first instance when it dismissed the action. We consider these issues in the order raised by Alexander.

### A.     *The Denial of the Section 473 Motion Is Appealable.*

As a general rule, "the denial of a motion to vacate is not appealable unless direct appeal from the dismissal order would be relatively ineffectual. [Citation.] An appeal from a dismissal order would be ineffectual where the plaintiff has failed to present an opposition, where hitherto unknown facts have come to light, or due to other unforeseen circumstances the record arising out of the dismissal hearing is deficient in presenting an inadequate factual record for appeal purposes. In such a situation, where subsequent information has been brought forth during the motion to vacate, the denial of that motion is appealable." (*City of Los Angeles v. Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543, 553.) Alexander contends he provided new facts to cure an inadequate factual record concerning the dismissal order as part of his motion to vacate and so the denial of the motion is appealable. We agree.

6

The record concerning the dismissal hearing is inadequate for appellate review. We question whether that deficiency can be attributed to "unforeseen circumstances." Alexander does not explain his failure to request that a court reporter be present for such a crucial hearing or to provide any evidence that he attempted to obtain a settled statement of the proceedings in lieu of a reporter's transcript. There was no written opposition to the OSC, and Alexander does not provide a declaration from his new attorney demonstrating the basis of the verbal opposition.

Alexander did submit a declaration in support of the motion to vacate in which he states his former law firm failed to give him copies of his files during the period between October 2017 when it was relieved as counsel through April 9, 2018 when the law firm substituted out of the case. Alexander declared: "Hence, I had no documentations regarding the case and not papers to make any form of reference." Alexander also declared that he came to the courthouse with his former attorneys on April 6, 2018, and was instructed to wait outside the courtroom. He therefore "had no [direct] knowledge of what transpired inside the courtroom." Alexander also stated that he "did not receive any Order to Show Cause re sanctions for my failure to appear on January 11, 2018." These facts are not found in the attorney declaration submitted in connection with the May 2018 hearing on the OSC. Thus, Alexander did submit what appears to be new facts in connection with the motion to vacate, and we will consider his appeal.

B.    *The Trial Court Did Not Abuse Its Discretion in Denying the Section 473 Motion*

A motion to vacate under section 473, subdivision (b) is addressed to the sound discretion of the trial court. " 'The

appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.' [Citations.] However, '[b]ecause the law favors disposing of cases on their merits, "any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations]. Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits." ' " (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 929 (*Austin*).)

A plaintiff whose case has been dismissed may "seek redress through a motion to vacate pursuant to section 473 of the Code of Civil Procedure where, through mistake, surprise, inadvertence, or excusable neglect, he has failed to make the showing he could have made at the hearing on the motion." (*City of Los Angeles v. Gleneagle Dev. Co.*, *supra*, 62 Cal.App.3d at p. 553.) Thus, as the trial court correctly recognized, the focus of a section 473 motion is on a plaintiff's "failure to make a full and complete opposition to the dismissal motion." (*Williams v. Los Angeles Unified School Dist.* (1994) 23 Cal.App.4th 84, 105 (*Williams*) ["The motion itself improperly requested relief from the original default in serving the summons and complaint and did not allege any default in responding to the motion to dismiss because none had occurred."].)

We will treat Alexander's claim that he was trying to present his side of the story through the section 473 motion as a claim that the new facts in his declaration show that the dismissal was an abuse of discretion.

Those new facts establish that Alexander was not aware that the April 6, 2018 hearing was intended to be a hearing on an OSC re: sanctions. The trial court, however, did not proceed with the OSC on that date. Alexander had another month to prepare

8

for the OSC hearing.  He does not declare that his former attorneys continued to withhold his file after they substituted out on April 9, 2018 and does not declare that his former attorneys failed to accurately communicate the contents of the April 6, 2018 hearing to him in a timely manner.

Alexander does provide an excuse for failure to appear at the January hearing.  He blames it on the lack of the file and also his failure to understand that he was required to appear.  As the trial court correctly recognized, however, Alexander did not provide admissible evidence of the reason for the trial court's order of dismissal.  The closest Alexander came was the following statement in his declaration:  "I did not receive any Order to Show Cause re sanctions for my failure to appear on January 11, 2018."  This, of course, is not proof of what transpired at the May 7, 2018 hearing, or that the trial court dismissed the action solely because Alexander missed that hearing.

Proof of what transpired at that hearing would ordinarily be provided by a reporter's transcript.  "Generally, appellants in ordinary civil appeals must provide a reporter's transcript at their own expense.  [Citation.]  In lieu of a reporter's transcript, an appellant may submit an agreed or settled statement."  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186 (*Foust*).)  Alexander did not provide either a transcript or a settled statement. [2]

---

[2]  The minute order for the hearing does show that the trial court ordered defendants to give notice of its ruling.  Alexander claims they failed to do so, but Alexander took no steps of his own to obtain a written ruling which might have provided the reason for the dismissal.

9

Absent evidence of the reason for the court's order of dismissal, Alexander's explanation of why he missed a particular hearing is not relevant. "[T]he moving party bears the burden of establishing a right to relief." (*Austin, supra*, 244 Cal.App.4th at p. 928.) Alexander has not carried that burden and we therefore cannot find that the trial court abused its discretion.

Further, even assuming for the sake of argument that this action was dismissed in whole or in part based on Alexander's failure to appear at the January 2018 status conference, Alexander does not contend that he was unable to offer to the dismissing court the same explanation that he offered to the section 473 court: he did not understand he was required to appear. Even further assuming that he was unable to tell the dismissing court about his lack of access to his files due to the presence of his former attorneys, Alexander's duty to appear was not dependent on those files. As set forth above, Alexander had notice through the proceedings relieving his counsel that a hearing was scheduled for January 11, 2018, that he was required to comply with court rules and that if he failed to appear for a hearing, action could be taken against him. The unavailability of the files at most appears to "amplify or supplement the evidence and arguments that were presented in opposition to the original motion to dismiss," which is not a proper use of a section 473 motion. (*Williams, supra*, 23 Cal.App.4th at p. 105.)

C.    *Appellant Has Failed to Provide an Adequate Record for Appellate Review and So the Dismissal Order Must Be Affirmed.*

Alexander also contends the trial court erred in dismissing the case. He contends the order must be reversed because 1) the

10

trial court erred prejudicially when it  failed to explain its reasoning in writing; 2) assuming the trial court dismissed for failure to prosecute, that would be an abuse of discretion because the case was less than 3 years old and the trial court did not make findings required by California Rule of Court 3.1342; and 3) assuming the trial court dismissed for the potentially improper litigation conduct of rehired counsel's "sandbagging" of the defendants at the final status conference, dismissal would be "utterly disproportionate" to the perceived misconduct which could be cured by continuing the trial date and so the trial court abused its discretion.

"[T]he trial court was not required to issue a statement of decision.  (See *Mechanical Contractors Assn. v. Greater Bay Area Assn.* (1998) 66 Cal.App.4th 672, 678 [78 Cal.Rptr.2d 225] ['The general rule is that a trial court need not issue a statement of decision after a ruling on a motion']; see also *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1294 [240 Cal.Rptr. 872, 743 P.2d 932].)" (*In re Marriage of Feldman*  (2007) 153 Cal.App.4th 1470, 1497 [concerning statement of decision when awarding attorney fees as monetary sanctions].)

The trial court may well have explained its ruling at the hearing on the OSC.  It was Alexander's duty to ensure there was a record of that hearing, but, as we have previously explained, he did not do so.  (See *Foust, supra*, 198 Cal.App.4th at p. 186.) Even in the absence of an express statement at the hearing, events at the hearing might well have explained the ruling.  The trial court referred to "sanctions (payable to the Court), including dismissal" in its April 6, 2018 minute order setting the hearing, but after the hearing took place, the court selected the ultimate sanction of dismissal.  This shift certainly suggests evidence

11

offered or argument made at the hearing influenced the trial court's ruling.

"[T]he absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court. This is so because it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).)

As the Supreme Court pointed out in *Jameson*, the court in *Foust* "extensively catalogued the frequency with which appellate courts have declined to reach the merits of a claim raised on

12

appeal because of the absence of a reporter's transcript. The court in *Foust* stated: 'In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided.'" (*Jameson, supra*, 5 Cal.5th at p. 609.) In particular, "[t]he absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion. [Citations.] [The] party challenging a discretionary ruling [has] an affirmative obligation to provide an adequate record so that we could assess whether the court abused its discretion." (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259.)

To the extent we consider the issue at all, we note that it is undisputed that Alexander missed at least one hearing. That hearing came at a crucial point in the progress of the case, after the deadline for mediation had passed and the case was about to return to the active list. He did not appear in court for almost another three months after that missed hearing, and there is nothing to suggest he communicated to the court or opposing counsel during that time. Thus, Alexander effectively vanished from the case in the months before trial was scheduled to take place. This alone would be enough to support a dismissal.[3] There is nothing contrary in the record to rebut the presumption that

---

[3] We note there are indications in the record that Alexander committed other improprieties. Former counsel's use of the modifier "at least one" hearing suggests there were other possible missed hearings. Defense counsel's apparent accusation of "sandbagging" at the April 6, 2018 hearing suggests there was a further failure of Alexander to comply with other court rules, requirements or deadlines, or to hide some activities.

the trial court's order is correct.  We certainly cannot conclude the trial court abused its discretion from this limited record.

## DISPOSITION

The order of dismissal and the order denying the section 473 motion are affirmed.  Respondent did not appear; no costs are ordered.  Appellant is to bear his own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

BIGELOW, P. J.

WILEY, J.

14