[Civ. Nos. 37871, 37872. Second Dist., Div. Four. Nov. 19, 1971.]

H. L. STEPHAN, Plaintiff and Appellant, v.
AMERICAN HOME BUILDERS et al., Defendants and Respondents.

(Consolidated Appeals.)

## COUNSEL

Weil & Fritz and Philip L. Eyerman for Plaintiff and Appellant.

Powars, Tretheway & Bennett and William P. Bennett for Defendants and Respondents.

## OPINION

**JEFFERSON, Acting P. J.** — H. L. Stephan, doing business as Downey Credit Service, filed the original action based on common counts, including an open book account and an account stated. After the trial court granted defendants's motion to dismiss (Code Civ. Proc., § 583, subd. (a)) for failure to bring the matter to trial within the two-year period, plaintiff

filed a second action based solely on the open book account and account stated within the applicable four-year period of the statute of limitations. (Code Civ. Proc., § 337.) The trial court granted defendants' motion to dismiss the second action and plaintiff has appealed from both orders of dismissal; the appeals have been consolidated.

Plaintiff contends in his first appeal that the trial court abused its discretion in granting defendants' motion to dismiss the original action.

Plaintiff's original action was filed November 24, 1967. A trial date was scheduled for January 18, 1969, but the matter was taken off calendar because defendants Erickson, Berlu and American were not served with proper notice. On January 14, 1969, these defendants demanded a bill of particulars which plaintiff filed on January 28, 1969. On February 28, 1969, plaintiff filed a new at-issue memorandum. The court sent two notices of eligibility to plaintiff in March and May of 1969, respectively, but plaintiff filed no certificate of readiness, and on June 27, 1969, the case was removed from the civil active list.

Plaintiff filed a third at-issue memorandum on January 21, 1970, two years and two months after the date of filing the complaint. Defendants on January 28, 1970, filed a motion to dismiss (Code Civ. Proc., § 583, subd. (a)). This motion was taken off calendar February 20, 1970, due to their failure to give the 45-day notice required by California Rules of Court, rule 203.5. The motion to dismiss was refiled on February 28, 1970, and it was heard April 17, 1970.

Plaintiff made no showing of good cause for the delay in prosecution beyond the declaration that "plaintiff's attorney had failed to note the fact that the Notice of Eligibility to file the Certificate of Readiness had been received and for that reason the required Certificate of Readiness has not been filed and the resultant delay occurred."

Pursuant to rule 203.5, effective January 1, 1970, plaintiff received the appropriate 45-day notice of the motion to dismiss and during that period he was not precluded from undertaking action to bring the case to trial. The trial court pointed out that it was required to consider all matters relevant to a proper determination of the motion and noted that the plaintiff had done nothing after he received the notice of motion. Counsel responded "No, it is my error. I would move at this time for an early setting." At the time of the hearing no action had been taken in the case for a year and the court denied plaintiff's request for a continuance to cure the defect after the expiration of the 45-day notice period.

Under the circumstances, plaintiff having failed to take further action

within the generous period of time extended to him by the rule, the trial court, in the exercise of its sound discretion, granted defendants' motion to dismiss. ■ "[D]ismissal under section 583, subdivision (a), of the Code of Civil Procedure is mandatory 'only when there is an entire absence of any showing constituting good cause.' " (*Woolfson* v. *Personal Travel Service, Inc.*, 3 Cal.3d 909, 912 [92 Cal.Rptr. 286, 479 P.2d 646].) ■ The present case applies that principle and the dismissal was proper within the rule of *Martindale* v. *Superior Court*, 2 Cal.3d 568 [86 Cal.Rptr. 71, 468 P.2d 199] and *Denham* v. *Superior Court*, 2 Cal.3d 557 [86 Cal. Rptr. 65, 468 P.2d 193].

■ On April 23, 1970, plaintiff filed a second complaint in which the parties and causes of action are identical with those in the action filed on November 27, 1967, except that two common counts have been deleted. Defendants Erickson, Berlu and American were served and answered on May 15, 1970; at the same time they filed a motion to dismiss this action on the grounds of res judicata and the fact that their motion for dismissal in the prior action for failure to prosecute diligently was granted. This motion was granted and the judgment of dismissal was entered against plaintiff on June 15, 1970.

Plaintiff contends that the prior order of dismissal for failure to prosecute (Code Civ. Proc., § 583, subd. (a)) is neither res judicata nor a bar to the second action insofar as the causes of action therein alleged are not barred by the statute of limitations. Although there is no case directly in point, the authorities support plaintiff's contention.

■ It is established that a judgment of dismissal which is not rendered on the merits does not operate as a bar to the filing of a subsequent action based on the same facts. (*Oeth* v. *Mason*, 247 Cal.App.2d 805, 810 [56 Cal.Rptr. 69]; *Gonsalves* v. *Bank of America*, 16 Cal.2d 169 [105 P.2d 118]; *Goddard* v. *Security Title Ins. & Guar. Co.*, 14 Cal.2d 47 [92 P.2d 804]; *Lord* v. *Garland*, 27 Cal.2d 840, 850 [168 P.2d 5].) ■ It is the contention of defendants that they are entitled to a dismissal of the second action on the grounds of res judicata and that plaintiff's failure diligently to prosecute the original action constitutes conduct from which the law presumes prejudice for the unreasonable delay. (*Gray* v. *Times-Mirror Co.*, 11 Cal.App. 155, 164 [104 P. 481].) This principle has been given credence in a number of cases (see e.g., *Market-Front Co.* v. *Superior Court*, 271 Cal.App.2d 505 [76 Cal.Rptr. 526]). It has been determined, however, that a judgment of dismissal based on a demurrer sustained for procedural defects without permitting plaintiff to amend, even though the trial court expressly declared its intention that the judgment operate "with

prejudice," does not bar the filing of a subsequent action on the same facts.

" 'The authorities which purport to hold that judgments of dismissal "with prejudice" are res judicata are nearly all distinguishable upon careful examination. ■ One type of case is based upon that situation where by statute or practice this kind of judgment is used after a determination on the merits, and it is a bar, not because of the use of the words "with prejudice," but because the judgment was in fact on the merits. . . . ■ Other cases are concerned with dismissals by consent or stipulation of the parties, after compromise or settlement of the suit, where the dismissal is intended to operate as a retraxit and end the litigation. In such cases the judgment of dismissal is entered "with prejudice" and is of course a bar to a subsequent suit. [Citations.]' " (*Goddard* v. *Security Title Ins. & Guar. Co., supra,* 14 Cal.2d 47, 55.) ■ A fortiori, a judgment of dismissal on procedural grounds may not be deemed prima facie prejudicial.

Generally, the practical effect of a judgment of dismissal for failure to prosecute in a period of two years following the filing of the complaint will be to bar further proceedings because the statute of limitations will have run on the cause of action. ■ In the present case, plaintiff has lost by bar of limitations two of his causes of action on common counts; the causes of action on account stated and book account were not barred at the time of the filing of the second complaint (Code Civ. Proc., § 337), and are not presently subject to dismissal on procedural grounds.

In civil No. 37871 the judgment of dismissal, dated April 17, 1970, relating to the original complaint is affirmed. In civil No. 37872, the judgment of dismissal of June 15, 1970, on the second complaint is reversed.

Kingsley, J., and Dunn, J., concurred.