[No. B034919. Second Dist., Div. Three. Feb. 27, 1990.]

PAUL P. FLYNN et al., Plaintiffs and Appellants, v.
RICHARD F. PAGE et al., Defendants and Respondents.

COUNSEL

Ward & Jampol and Alan R. Jampol for Plaintiffs and Appellants.

Rich & Ezer and Shelly Jay Shafron for Defendants and Respondents.

OPINION

DANIELSON, Acting P. J.—In April 1982, plaintiffs, cross-defendants and appellants Paul and Sandra Flynn (Flynn) sued defendants, cross-complainants and respondents Richard and Frances Page (Page) for specific performance of a sale agreement and deed of trust, constructive trust, breach of contract, unjust enrichment, rescission and restitution, tortious breach of the implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation. The action arose out of a real estate transaction in which plaintiffs purchased defendants' real property, giving them a note and purchase money deed of trust, and defendants, upon default by plaintiffs, exercised the private power of sale contained in the deed of trust and ultimately purchased the property at the trustee's sale.

Page cross-complained for abuse of process, bad faith waste, and malicious prosecution of a bankruptcy action to stay the foreclosure.[1] Flynn's demurrer to the cause of action for abuse of process was sustained without leave to amend.

On March 28, 1987, Flynn's second amended complaint was dismissed for failure to bring the case to trial within five years of the date of filing the original complaint. (Code Civ. Proc., § 583.310.)[2] In July 1987, Flynn moved for leave to file a cross-complaint essentially reiterating the allegations of the second amended complaint, and an amended answer to Page's cross-complaint alleging the same claims as an offset. This motion was denied on August 12, 1987; Flynn's motion for reconsideration of the motion was also denied.

On November 20, 1987, the court granted Page's motion for an award of attorney fees in the amount of $33,140.25 as prevailing party on the second amended complaint.

In January 1988, Flynn moved for summary judgment on Page's second amended cross-complaint, and Page moved for severance of the cross-complaint, revival of the cause of action for abuse of process, and entry of judgment in favor of Page on Flynn's second amended complaint. Both motions were denied by the trial court.

At the mandatory settlement conference relating to Page's second amended cross-complaint, held on March 22, 1988, Page agreed to dismiss the cross-complaint without prejudice, and did so a week later.

Flynn appeals from the judgment entered April 8, 1988, reflecting dismissal of both the complaint and cross-complaint, as well as the award of attorney fees to Page.

## CONTENTIONS

Flynn contends the trial court erred in denying Flynn's motions (1) for leave to file a cross-complaint to Page's cross-complaint, asserting the same claims set forth in Flynn's original complaint following its dismissal for failure to bring the case to trial within five years, and (2) for summary judgment on Page's cross-complaint. Flynn also contends the award of

---

[1] The property was transferred by Flynn to a corporation, which then filed a petition for reorganization under chapter 11 of the United States Bankruptcy Code. This proceeding was dismissed by the bankruptcy court.

[2] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

attorney fees to Page constituted a deficiency judgment prohibited by Code of Civil Procedure sections 580b and 580d.

## DISCUSSION

*The Trial Court Did Not Abuse Its Discretion in Denying Flynn's Motion for Leave to File Further Pleadings*

Flynn points out that dismissal of the second amended complaint under section 583.310 was without prejudice (*Stephan* v. *American Home Builders* (1971) 21 Cal.App.3d 402, 406 [98 Cal.Rptr. 354]), and did not effect a determination on the merits (*Gonsalves* v. *Bank of America* (1940) 16 Cal.2d 169, 172 [105 p.2d 118]), and argues that the proffered cross-complaint to Page's second amended cross-complaint was authorized by a combination of several statutes.

Under section 426.30, a party against whom a complaint has been filed and served must "allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff."

Section 426.50 provides: "A party who fails to plead a cause of action subject to the requirements of this article [on compulsory cross-complaints], whether through oversight, inadvertence, mistake, neglect, or other cause, may apply to the court for leave to amend his pleading, or to file a cross-complaint, to assert such cause at any time during the course of the action. The court . . . shall grant, upon such terms as may be just to the parties, leave to amend the pleading, or to file the cross-complaint, to assert such cause if the party who failed to plead the cause acted in good faith. This subdivision shall be liberally construed to avoid forfeiture of causes of action."

Here, the causes of action Flynn sought to allege were related to those alleged by Page in the cross-complaint as they arose out of the "same transaction, occurrence, or series of transactions or occurrences . . . ." (§ 426.10, subd. (c).) Therefore, Flynn claims, the trial court abused its discretion in denying the motion pursuant to section 426.50 for leave to file the subject cross-complaint.

We find no case, and the parties cite us none, dealing with the question whether a party whose complaint was dismissed because he permitted the five-year period within which to bring his case to trial to expire, may thereafter allege the same causes of action in a cross-complaint to the defendant's cross-complaint.

■ Under section 428.50,[3] Flynn was required to obtain leave of the trial court to file the proposed cross-complaint. Contrary to Flynn's suggestion, we do not believe the court was compelled by section 426.50, *supra,* to grant the requested leave. That section refers to a party who *fails* to plead a cause of action related to the complaint or cross-complaint.[4] Here, the subject causes of action *were* pled by Flynn, in a complaint dismissed pursuant to section 583.310, *supra.* Even assuming Flynn could thereafter attempt to initiate a new five-year period by seeking leave to allege the same causes of action in a cross-complaint to Page's cross-complaint, we perceive no abuse of discretion in the trial court's denial of the request.

In enacting the five-year mandatory dismissal statute (former § 583, now §§ 583.310, 583.360),[5] the Legislature determined a delay of five years after the filing of the complaint was unreasonable as a matter of law. (*Hsu* v. *City etc. of San Francisco* (1966) 240 Cal.App.2d 317, 322 [49 Cal.Rptr. 531].) In addition, absent Page's pending cross-complaint, Flynn's causes of action would have been barred by the applicable statutes of limitation prior to expiration of the five-year mandatory dismissal period, and could not have been revived.

Finally, the reporter's transcript of the hearing on Flynn's application reflects the trial judge's concern with the fact that the litigation had been pending for over five years, as well as Flynn's failure to make any showing of good cause justifying the filing of the amended pleadings. The judge specifically stated that in making his ruling, he considered the liberal nature of the right to amend and the importance of resolving matters on the merits. The ruling was proper.

---

[3] Section 428.50: "(a) A party shall file a cross-complaint against any of the parties who filed the complaint or cross-complaint against him or her before or at the same time as the answer to the complaint or cross-complaint. [¶] (b) . . . [¶] (c) A party shall obtain leave of court to file any cross-complaint except one filed within the time specified in subdivision (a) or (b). Leave may be granted in the interest of justice at any time during the course of the action."

[4] " 'Complaint' means a complaint or cross-complaint." (§ 426.10, subd. (a).)

[5] Section 583.310: "An action shall be brought to trial within five years after the action is commenced against the defendant."

Section 583.360: "(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article. [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

*The Order Denying the Motion for Summary Judgment Is Not Reviewable on This Appeal*

■ Page's voluntary dismissal of the cross-complaint precluded any award of attorney fees thereon. (Civ. Code, § 1717, subd. (b)(2).)[6] Had Flynn's earlier motion for summary judgment been granted, then Flynn would be the prevailing party on the cross-complaint and, ultimately, the party prevailing on the contract would be "the party who recovered a greater relief in the action on the contract." (Civ. Code, § 1717, subd. (b)(1).) Therefore, Flynn seeks review of the order denying summary judgment.

Our Supreme Court has rejected the suggestion "that in pretrial dismissal cases the court should determine whether, and to what extent, the complaint is meritorious and award attorney fees accordingly" (*International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218, 224 [145 Cal.Rptr. 691, 577 P.2d 1031]), stating, at pages 224-225 of the cited decision: "to arrive at that determination would require the court to try the entire case. The purpose of litigation is to resolve participants' disputes, not compensate participating attorneys. Our courts are sufficiently burdened without combat kept alive solely for attorney fees. [¶] In pretrial dismissal cases, we are faced with a Hobson's choice of either (1) adopting an automatic right to attorney fees, thereby encouraging the maintenance of pointless litigation and violating the equitable principles which should govern attorney fee clauses, (2) providing for application of equitable considerations, requiring use of scarce judicial resources for trial of the merits of dismissed actions, or (3) continuing the former rule, denying attorney fees in spite of agreement. We are satisfied that concern for the efficient and equitable administration of justice requires that the parties in pretrial dismissal cases be left to bear their own attorney fees, whether claim is asserted on the basis of the contract or [Civil Code] section 1717's reciprocal right."

The same reasoning applies to the question whether, once Page voluntarily dismissed the cross-complaint, we should review the trial court's earlier ruling on Flynn's motion for summary judgment thereon.

*The Award of Attorney Fees to Page Did Not Constitute a Deficiency Judgment*

■ Flynn contends the award of attorney fees to Page constituted an impermissible deficiency judgment.

---

[6] Civil Code section 1717 provides, in part: "(b) . . . (2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

Former section 580b provided, in part: "No deficiency judgment shall lie in any event after any sale of real property . . . under a deed of trust . . . given to the vendor to secure payment of the balance of the purchase price of real property . . . ." Section 580d formerly provided, in part: "No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property hereafter executed in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in such mortgage or deed of trust." Flynn argues foreclosure of the deed of trust by Page under the private power of sale contained in the trust deed precluded the award of attorney fees to Page, as the award constituted a deficiency judgment.

In *Passanisi* v. *Merit-McBride Realtors, Inc.* (1987) 190 Cal.App.3d 1496 [236 Cal.Rptr. 59], the court explained that an award such as that made here "is neither measured by, nor interrelated to, a deficiency on the note. Such an award is not attributable to a general condition of the real estate market, but is the result of the debtor-trustor's voluntary act in bringing an unmeritorious suit which the creditor-beneficiary was required to make expenditures to defend. The judgment for attorney's fees and costs is entirely independent of the problems encompassed by antideficiency legislation and the enforcement of such a judgment will not affect the parity of remedies such legislation is intended to foster. [Citation.]" (*Id.* at p. 1509.)

Flynn attempts to distinguish *Passanisi,* in that our case involves a purchase money obligation and an award of attorney fees after, rather than before, the foreclosure sale. The policy behind section 580d, as explained in *Passanisi,* is equally applicable to the antideficiency provisions of section 580b. Moreover, the fact that the foreclosure sale occurred prior to the award of fees is not determinative. What is determinative is the fact that, had Flynn prevailed on the complaint, Flynn would have been entitled to such an award.

### DECISION

The judgment is affirmed.

Arabian, J., and Croskey, J., concurred.

Respondents' petition for review by the Supreme Court was denied May 17, 1990. Arabian, J., did not participate therein.