Filed 12/12/25  Panzak v. City of Fowler CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| GORDON PANZAK,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITY OF FOWLER et al.,<br><br>Defendants and Respondents. | F089137<br><br>(Super. Ct. No. 23CECG03031)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Gordon Panzak, in pro. per., for Plaintiff and Appellant.

Litigation Engineered and Chester E. Walls for Defendants and Respondents.

-ooOoo-

Plaintiff Gordon Panzak, who has represented himself throughout this case, appeals from an order sustaining the demurrer of defendants City of Fowler (City) and five individual defendants[1] (collectively, defendants) to his complaint without leave to amend.  Panzak contends the trial judge should have recused himself because the judge's

---

[1]     The individual defendants are Daniel Parra, Leonard Hammer, Mark Rodriguez, Karnig Kazarian, and Jeannie Davis, who was erroneously sued as Jennie Davis.

ruling showed he was biased against Panzak and the demurrer should not have been sustained without leave to amend because the statute of limitations, which the trial court found barred his complaint, was tolled. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Panzak provides a scant trial court record, from which we glean the following. In August 2017, Panzak filed a civil complaint against the City and seven City officials, which was assigned case No. 17CECG02635 (the 2017 action). Panzak's third amended complaint in the 2017 action alleged that on August 1, 2016, a City crew, acting at the city manager's direction, removed 40 mature hedge bushes and, during that process, bent and damaged poles that supported a chain link fence. The complaint further alleged that when Panzak contacted the city manager to complain, the city manager threatened to destroy the fence, bill Panzak for removing the bushes, and forcibly remove two outbuildings. Panzak alleged various causes of action, including elder abuse, emotional distress, and property-related claims.

In July 2023, the trial court issued a tentative ruling sustaining the City's demurrer to the third amended complaint without prejudice because Panzak failed to bring the action to trial within five years, as required by Code of Civil Procedure sections 583.310 and 583.360. The trial court determined Panzak was required to bring the 2017 action to trial by February 3, 2023, as the five-year period was extended six months due to an emergency rule enacted in response to the COVID-19 pandemic. The trial court dismissed the action without prejudice, explaining that a judgment of dismissal based on a delay in prosecution is not made on the merits and does not have res judicata effect.

In August 2023, Panzak filed a civil complaint against the City and five individual defendants, which was assigned case No. 23CECG03031 (the 2023 action), but the complaint is not in the appellate record. The register of actions in the 2023 action shows: (1) defendants filed a demurrer and a motion to strike in June 2024, each of which were supported by memorandums of points and authorities and declarations of their counsel;

2.

(2) Panzak filed objections to the demurrer and motion to strike in August 2024; and (3) defendants filed replies to Panzak's oppositions that same month. None of these documents are in the appellate record. It appears the hearing on the demurrer and motion to strike was continued so the parties could meet and confer. In October 2024, defendants filed their counsel's declaration about the parties' meet and confer efforts. That document is not in the record.

On October 31, 2024, Panzak filed a supplemental argument in opposition to the demurrer and motion to strike and lodged documents from the 2017 action, which are in the appellate record. In his argument, Panzak asserted, among other things: (1) the lodged documents show the third amended complaint in the 2017 action and the complaint in the current action were "identical except for minor housekeeping changes"; (2) the trial court in the 2017 action ordered the matter dismissed without prejudice; and (3) he refiled the 2017 action under the current case number in accordance with that ruling after the court clerk's supervisor instructed the clerk to file the complaint under a new case number. Panzak argued the statute of limitations had been tolled since the 2017 action was filed in August 2017, and the issue could be resolved if the court would consolidate the two cases.

The parties did not request argument, thus, on November 6, 2024, the trial court's tentative ruling became its order, which the clerk mailed to the parties that day. The trial court sustained the demurrer to the entire complaint without leave to amend, as the complaint's allegations clearly showed it was barred by the statute of limitations and that Panzak failed to file the present action within six months of the denial of his government claim.

The trial court stated Panzak's complaint was based on the alleged trespass onto his land, damage to his hedges and fence, and taking of his property by the City and its agents and employees that occurred on August 1, 2016. The complaint further alleged defendants engaged in a campaign to harass and retaliate against him for his 2010

3.

participation in an investigation into corruption by the city manager, which led to the intrusion onto his property and resulting damage to his hedges and fence. Panzak alleged that on January 17, 2017, he filed a written demand with the City regarding the trespass on his property, which the City rejected on February 8, 2017.

The trial court found Panzak needed to file his complaint within six months of the City's February 8, 2017 denial of his claim for damages, and his claims based on the alleged illegal taking of his property within five years of the August 2016 incident. Because Panzak did not file his complaint until August 2023, about seven years after the alleged incident and six and a half years after the City denied his claim, the complaint's allegations unequivocally show his claims were time-barred.

The trial court rejected Panzak's argument that the filing of his complaint in the 2017 action tolled the statute of limitations. The trial court explained that while Panzak's prior complaint may have been timely filed, "he cites to no authorities that would allow him to litigate that case for nearly five years and then dismiss it just before the five-year statute ran, and then refile the exact same claims to 'restart the clock' on the statute of limitations. Allowing such gamesmanship would be contrary to the policies behind the statute of limitations and the five-year statute, which seek to encourage prompt resolution of disputes and to avoid the problems associated with bringing old, stale claims long after the events on which they are based, such as lost evidence and fading memories of witnesses." The trial court reasoned that if Panzak's arguments were correct, he could delay the trial indefinitely by simply dismissing and refiling his claims every few years.

Finally, the trial court stated it denied leave to amend because there did not appear to be any reasonable likelihood Panzak could amend his complaint to cure the defects in his pleadings, which was especially true because he judicially admitted the incident upon which his claims were based occurred in August 2016, about seven years before he filed the present complaint. As the trial court sustained the demurrer without leave to amend, it denied the motion to strike as moot.

4.

Panzak filed a notice of appeal from the November 6, 2024 order on January 3, 2025.

## DISCUSSION

*Appealability*

We first address the appealability of the trial court's order. As defendants' note, Panzak appeals from the trial court's order sustaining the demurrer to the complaint, which is not technically appealable. " 'An order sustaining a demurrer without leave to amend is not appealable, and an appeal is proper only after entry of a dismissal on such an order.' " (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 527, fn. 1.) The record does not indicate whether a judgment of dismissal was ever entered in this case.

Appellate courts, however, may deem the order to incorporate a judgment of dismissal when the trial court has sustained a demurrer to all the complaint's causes of action " 'since all that is left to make the order appealable is the formality of the entry of a dismissal order or judgment.' " (*Melton v. Boustred*, *supra*, 183 Cal.App.4th at p. 527, fn. 1.) Indeed, in such cases, "the better course is for the Court of Appeal to deem the order sustaining the demurrer to *incorporate* a judgment of dismissal, and proceed with the merits of the appeal." (*Kruss v. Booth* (2010) 185 Cal.App.4th 699, 712, fn. 12, italics omitted.)

Since the trial court's order effectively disposed of all causes of action of the operative pleading, we exercise our discretion to deem the order sustaining the demurrer to incorporate the subsequent judgment and proceed to consider the merits of the appeal.

*Judicial Bias*

Panzak contends the trial judge who ruled on the demurrer, Judge Jeffrey Y. Hamilton, Jr., was biased against him as shown by statements in the order, such as that Panzak engaged in "gamesmanship" by dismissing and refiling the case. Panzak further contends Judge Hamilton personally attacked him by making findings that are "contrary to established law." Panzak asserts Judge Hamilton should have recused himself under

Code of Civil Procedure section 170.1 due to this bias.  A review of the register of actions shows Panzak did not move to disqualify the trial judge.

A trial court's rulings against a party, even erroneous ones, "do not establish a charge of judicial bias, especially when they are subject to review."  (*People v. Guerra* (2006) 37 Cal.4th 1067, 1112, citing *Andrews v. Agricultural Labor Relations Bd.* (1981) 28 Cal.3d 781, 795–796; *Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674 ["trial judge's adverse legal rulings … do not reflect personal bias"].)  Moreover, an argument of judicial bias must be first raised in the superior court. (*Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1038; see Code Civ. Proc., § 170.3, subd. (a)(1).)  Further, a statutory claim that a judge was disqualified for bias under Code of Civil Procedure section 170.1 can be raised in an appellate court only by writ; it cannot be raised on appeal.  (Code Civ. Proc., § 170.3, subd. (d); *Clary v. City of Crescent City* (2017) 11 Cal.App.5th 274, 300.)  Thus, we must reject Panzak's assertion of bias as it is not properly before us.

### The Demurrer

On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, we give the complaint a reasonable interpretation and treat the demurrer as admitting all material facts properly pleaded.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  "When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff."  (*Ibid*.)

Panzak contends the trial court erred in sustaining the demurrer without leave to amend because the statute of limitations was tolled by the timely filing of the complaint

6.

in the 2017 action. For this reason, he argues, the complaint was timely when he refiled it in the 2023 action. He asserts he should have been given leave to amend because the defect in the pleadings can be cured by adding the following allegations: (1) the 2023 action was a refiling of the 2017 action as authorized by the trial court's order in the 2017 action; and (2) the statute of limitations was tolled between the filing of the 2017 action and the refiling, when the clerk gave the case a new case number.

We first note that most of the documents the trial court considered when ruling on the demurrer—the complaint, the demurrer and supporting papers, and Panzak's initial opposition—are not in the record on appeal. As a result, we cannot move beyond our starting presumption that appealed judgments and orders are correct, and that prejudicial error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *In re Angel L.* (2008) 159 Cal.App.4th 1127, 1137 [without an adequate record for the appeal, a reviewing court presumes the evidence supports the judgment]; Cal. Rules of Court, rule 8.120 [the appellant has the burden of providing the appellate court with an adequate record on appeal].)

Panzak failed to ensure that the complaint, the moving papers filed in favor of the demurrer, and his initial opposition to the demurrer, were included in the appellate record. While Panzak provides some documents, namely, his supplemental opposition and documents he lodged from the 2017 action, he does not provide the necessary documents to demonstrate the court erred in ruling on the demurrer and we must presume the court acted correctly in sustaining the demurrer and denying leave to amend.

When an appellant fails to provide an appellate record sufficient for meaningful review, " 'the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc*. (2002) 99 Cal.App.4th 1412, 1416.) Because appellant has not met his burden of demonstrating error, the presumption of correctness remains, and the challenged orders must be upheld. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575.)

The fact that Panzak is representing himself does not diminish his burden to establish error on appeal. While the law permits a party to act as his or her own attorney, " '[s]uch a party is to be treated like any other party and is entitled to the same, but no greater[,] consideration than other litigants and attorneys. [Citation.]' [Citation.] Thus, as is the case with attorneys, pro[] per[] litigants must follow correct rules of procedure." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) Having failed to provide this court with the necessary factual basis for review, Panzak is not entitled to reversal.

Even if the record were adequate for review, we would reject Panzak's assertion he could avoid the statute of limitations by amending the complaint to allege it was tolled during the pendency of the 2017 action. As Panzak points out, the dismissal of the third amended complaint in the 2017 action pursuant to Code of Civil Procedure section 583.310 was without prejudice and "did not effect a determination on the merits." (*Flynn v. Page* (1990) 218 Cal.App.3d 342, 346.)

It is well-established, however, that " '[i]n the absence of a statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him.' " (*Wood v. Elling Corp.* (1977) 20 Cal.3d 353, 359.) Thus, for example, in *Wood*, our Supreme Court held that when a case is dismissed without prejudice for failing to serve the complaint on a defendant, "the applicability of the pertinent statute of limitations is restored *as if no action had been brought.*" (*Id.* at pp. 357, 359*; see Eaton Hydraulics Inc. v. Continental Casualty Co.* (2005) 132 Cal.App.4th 966, 974, fn. 6 ["[a] dismissal 'without prejudice' necessarily means without prejudice to the refiling of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations"]; *Thomas v. Gilliland* (2002) 95 Cal.App.4th 427, 432–433; *Stephan v. American Home Builders* (1971) 21 Cal.App.3d 402, 407 ["the practical effect of a

judgment of dismissal for failure to prosecute … will be to bar further proceedings because the statute of limitations will have run on the cause of action"].)

As our Supreme Court has explained, "[i]f a timely action dismissed without prejudice were, without more, to have the effect of tolling the statute of limitations during the pendency of that action, an indefinite extension of the statutory period—through successive filings and dismissals—might well result." (*Wood v. Elling Corp.*, *supra*, 20 Cal.3d at pp. 359–360.) The same rule applies to the dismissal without prejudice of Panzak's 2017 action for failure to bring the case to trial within five years of its filing; the 2017 action did not toll the limitations period and, therefore, the 2023 complaint was untimely.

In sum, Panzak has not shown that the trial court erred in sustaining defendants' demurrer without leave to amend.

## **DISPOSITION**

The trial court's November 6, 2024 order sustaining the demurrer without leave to amend is affirmed. Costs on appeal are awarded to respondents.

DESANTOS, J.

WE CONCUR:

LEVY, Acting P. J.

MEEHAN, J.

9.